UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
In re

**IAN GITTLITZ,**

                                                                                       Case No.814-73518 las

                              Debtor(s).
-------------------------------------------------x

### CHAPTER 7 TRUSTEE'S EX PARTE APPLICATION SEEKING ENTRY OF AN ORDER DIRECTING THE PRODUCTION OF DOCUMENTS BY, AND THE EXAMINATION OF THE DEBTOR IAN GITTLITZ, PURSUANT TO BANKRUPTCY RULE 2004 FOR AN EXAMINATION

The Application of R. Kenneth Barnard, as Trustee for the estate of Ian Gitlitz, seeking the entry of an order, pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and directing the production and turnover of certain books, records, and documents in the possession, custody or control of Ian Gittlitz, and the examination of Ian Gittlitz (the "Witness"), as set forth in the proposed Order (the "Proposed Order") annexed hereto  respectfully represents and alleges upon information and belief:

**Jurisdiction and Statutory Predicates**

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This case is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).

2.     The statutory predicates for the relief requested are §105(a) of the Bankruptcy Code and Bankruptcy Rules 2004 and 9016.

**Background**

3.     On or about 7/31/14, the Debtor filed a voluntary Petition seeking relief from his

creditors pursuant to Chapter 7 of the Bankruptcy Code, 11 U.S.C. §101 et. seq.. R. Kenneth Barnard was appointed interim Chapter 7 Trustee and thereafter qualified and has served as the permanent Trustee.

4. The witness which the Trustee seeks to examine is the Debtor.

5. Upon examining the Debtor at the 341 meeting, and reviewing records and documents turned over, the Trustee has learned:

   a. In or about 1985 Ian Gittlitz and his wife Ellen L. Gittlitz purchased the real property at 5 Forsythe Meadow Lane, Stonybrook, NY, designated on the County Land and Tax Map as District 0200 Section 198.00, Block 08.00, Lot 028.000 (the "Stonybrook Property").

   b. In 2007, ICD PUBLICATIONS, INC. ("ICD"), commenced an action against Ian Gittlitz, in the Circuit Court of Cook County, Illinois. The Complaint alleged six (6) causes of action: a) breach of fiduciary duty; b) usurpation of corporate opportunities; c) corporate computer misuse; d) misuse of personnel; e) fraud; and f) breach of the Shareholders Agreement, arising from Ian Gittlitz's employment as President of ICD (hereinafter the "Illinois Case"). After an litigation lasting over six years, and a trial of the action, the Illinois Circuit Court issued an Order and Opinion on September 27, 2013 holding that defendant breached his fiduciary duty to ICD and usurped corporate opportunities. The Circuit Court entered judgment in favor of ICD in the amount of $9, 791840.00 plus prejudgment interest in the amount of $549,560.00.

   c. While the Illinois Case was pending before the Circuit Court, by Deed dated on

or about March 11, 2010 (the "Deed"), the Debtor transferred all of his right, title and interest in the Stonybrook Property to his spouse Ellen Gittlitz (the "Transfer").

d. At the time of the Transfer, the Stonybrook Property had a fair market value of not less than $550,000.00 to $615,000, and was subject to a mortgage or mortgages aggregating approximately $250,000.00.

e. Subsequent to the Transfer Ellen Gittlitz took a new mortgage on the Stonybrook Property from Generation Mortgage Company (the "Reverse Mortgage") on which she received an initial advance of $392,937, of which she used $200,628 to pay off the existing first mortgage, and $174,548 toward the purchase of property at 3 Toni Court, Center Moriches, NY (the "Center Moriches House").

6. The Trustee is investigating possible fraudulent conveyance claims arising from or related to the Transfer.

## Relief Requested

7. This Application is made pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004"), for an order authorizing and directing the production of documents by and examination of the Witness.

8. Rule 2004 provides "[o]n motion of any party in interest the court may order the production of documents with regard to the liabilities and financial condition of the debtor or to any matter which may effect the administration of the debtor's estate..." See Fed R. Bankr. P. 2004; see also Martin v. Keybank of New York, 208 B.R. 807, 810

(N.D.N.Y. 1997) (the general rule is that the scope of a Rule 2004 Examination is very broad and great latitude of inquiry is ordinarily permitted); In re CENA's Fine Furniture Inc., 109 B.R. 575, 577 n.2 (E.D.N.Y. 1990) ("the scope of a Rule 2004 examination is unfettered and broad. . . examinations under Rule 2004 are allowed for the purpose of discovering assets and unearthing frauds") (internal citations omitted); In re Bakalis, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996) (noting that Rule 2004 Examinations have been likened to "fishing expeditions into general matters and issues regarding the administration of the bankruptcy estates").

9. The Court may grant relief against any entity pursuant to Bankruptcy Rule 2004 on motion of any party in interest. The Trustee further submits that Bankruptcy Rule 2004 does not require such motion to be made on notice. See *Advisory Committee Note to Bankruptcy Rule 2004 (a)* which provides that "a motion for (a Rule 2004 Examination) may be heard *ex parte* or it may be heard on notice."

10. Under the proposed Order, responsive documents are to be turned over to the Trustee's counsel on the date set forth in a subpoena issued in accordance with Federal Rule of Civil Procedure 45, made applicable by Bankruptcy Rules 9016 and 2004 (the "**Subpoena**"). The Subpoena will provide the Witness with not less than thirty (30) days for the production of documents and thirty-five (35) days for the examination following receipt of the Subpoena.

11. Applicant requires the information or documents to be gained in the examination of this witness in order to determine whether there are assets which might be recovered by the estate on behalf of creditors. The Trustee will use the information to be gained

       in this examination to pursue recovery of those sums.

12.     By virtue of the foregoing, the Trustee respectfully submits that he is entitled to the relief requested herein.

13.     No prior application for the relief requested herein has been made by the Trustee to this or any other court.

14.     The Trustee submits that this Application cites the relevant statutory authority and rules for the relief requested, and that this Application complies with Local Bankruptcy Rule 9013-1. Therefore, no separate memorandum of law is required in connection with this Application.

**WHEREFORE**, the Trustee respectfully requests entry of an Order in the form annexed hereto, and granting such other and further relief as this Court deems just and proper .

Dated: Wantagh, New York
      December 12, 2014

                                          **LAW OFFICES OF**
                                          **R. KENNETH BARNARD**
                                          Attorney for Chapter 7 Trustee

                       By:    */s/ R. Kenneth Barnard*
                                          R. Kenneth Barnard
                                          3305 Jerusalem Ave., Suite 215
                                          Wantagh, NY 11793
                                          (516) 809-9397